THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR19-0146-JCC |
| Plaintiff, | ORDER |
| v. | |
| MARIE CHRISTINE FANYO-PATCHOU, RODRIGUE FODJO KAMDEM, and CHRISTIAN FREDY DJOKO, | |
| Defendants. | |

This matter comes before the Court on Defendant Rodrigue Fodjo Kamdem's motion for modification of his appearance bond (Dkt. No. 169). Having considered the parties' briefing and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

I. **BACKGROUND**

On August 1, 2019, a federal grand jury indicted Mr. Kamdem on charges of cyberstalking in violation of 18 U.S.C. § 2261A(2)(A)–(B) and conspiracy to commit cyberstalking in violation of 18 U.S.C. § 371. (Dkt. No. 1 at 2–6.) On August 16, 2019, Mr. Kamdem appeared before the Honorable Michelle L. Peterson, United States Magistrate Judge, for an arraignment and detention hearing. (Dkt. No. 34.) At the hearing, Judge Peterson ordered Mr. Kamdem released pending trial under Pretrial Services' supervision and with special conditions. (Dkt. No. 35 at 1.) Those conditions included the following restrictions on Mr.

Kamdem's ability to use a computer and access the internet:

> [Mr. Kamdem] shall not use, possess or have access to a computer or computer components (functional or non-functional), including but not limited to hard drives, external storage devices, keyboards, and mouse, at [Mr. Kamdem's] residence, place of employment, private homes, libraries, schools, or other public locations, without prior approval of Pretrial Services. In addition, [Mr. Kamdem] shall not use, possess, or have access to PDA's, gaming systems, and Internet enabled TV devices, nor access the internet through use of a cellular phone device. [Mr. Kamdem] shall not access the internet, or private or public computer networks, or not have others do so on his[] behalf, without prior approval of Pretrial Services. [Mr. Kamdem] hereby consents to U.S. Pretrial Services' use of electronic devices to evaluate [his] access to WiFi (wireless fidelity) connections.

*Id.*

After being released, Mr. Kamdem worked as a nutritionist and chef. (*See* Dkt. No. 169-1 at 3.) Now he is unemployed, and he wishes to have computer and internet access so that he can find a job, use the internet at whatever job he finds, obtain and update health cooking certificates, and take online classes relating to nutrition. (*See id.* at 3–4.) He therefore asks the Court to remove the requirement of his appearance bond that he must not use, possess, or have access to a computer, computer components, or the internet pending trial. (Dkt. No. 169 at 10.)

## II. DISCUSSION

18 U.S.C. § 3142 requires that a defendant ordinarily be released pending trial on personal recognizance or an unsecured appearance bond. *See* 18 U.S.C. § 3142(a), (c). However, if personal recognizance or an unsecured appearance bond will not reasonably assure the defendant's appearance or community's safety, then § 3142 empowers a court to release the defendant "subject to the least restrictive further condition, or combination of conditions, that . . . will reasonably assure the appearance of the person as required and the safety of . . . the community." *Id.* § 3142(c)(B). In deciding whether and what conditions to impose, a court must consider (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the defendant, (3) the history and characteristics of the defendant, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's

release. *See id.* § 3142(g).

In this case, those factors weigh in favor of significantly restricting Mr. Kamdem's access to a computer and the internet. Mr. Kamdem is charged with conducting an online campaign to "out" a man's sexual orientation in a way that put that individual in real danger. (*See* Dkt. No. 171 at 4–5.) As the Court noted in a prior order, the evidence of that campaign is strong. (*See* Dkt. No. 84 at 10.) Given the evidence against Mr. Kamdem, it is reasonable to fear that he might further harass John Doe or others if he had access to a computer and the internet. Restricting Mr. Kamdem's internet and computer access is therefore warranted.

Although some restrictions are warranted, Mr. Kamdem argues that he should be allowed access to a computer and the internet for limited purposes. (*See generally* Dkt. No. 169.) The Court acknowledges that it may be reasonable to allow Mr. Kamdem limited access to the internet and a computer. However, the conditions of Mr. Kamdem's release do not prohibit him from ever using a computer or the internet; they prohibit him from using a computer or the internet without the prior approval of Pretrial Services. (*See* Dkt. No. 35 at 1.) This prohibition is the "least restrictive condition" that will reasonably assure the community's safety because it simultaneously limits Mr. Kamdem's internet access while creating a mechanism for Mr. Kamdem to access the internet when he has a serious need to do so. That mechanism—one where Pretrial Services works directly with Mr. Kamdem to ensure the community's safety without unduly restricting Mr. Kamdem's liberty—is far preferable to the alternative, whereby the Court reviews all of Mr. Kamdem's requests for internet access.

The Court declines to second-guess Pretrial Services' judgment here. Pretrial Services does not endorse Mr. Kamdem's use of a computer or the internet given his alleged offenses, and it has informed Mr. Kamdem that he must be more specific about his present need to access the internet or use a computer. (*See* Dkt. No. 171 at 7.) If Mr. Kamdem's need to use the internet or a computer is truly acute, the Court encourages him to work with Pretrial Services instead of asking the Court to remove the internet and computer restrictions from his appearance bond.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Mr. Kamdem's motion for modification of his appearance bond (Dkt. No. 169).

DATED this 6th day of April 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE