WA/WD PTS-
Modification
(01/19)

# UNITED STATES DISTRICT COURT
for
Western District of Washington

Report on Defendant Under Pretrial Services Supervision

**Date of Report:** 06/22/2020
**Name of Defendant:** Rodrique Fodjo Kamdem          **Case Number:** 2:19-cr-00146-JCC-2
**Name of Judicial Officer:** The Honorable Michelle L. Peterson, United States Magistrate Judge
**Original Offense:** Conspiracy to Engage in Cyberstalking and Interstate Stalking
**Date Supervision Commenced:** 08/16/2019

Bond Conditions Imposed:

- Travel is restricted to the Western District of Washington, or as directed by Pretrial Services.

- The defendant shall participate in the location monitoring program with Active Global Positioning Satellite technology. The defendant shall comply with a curfew as directed by the location monitoring specialist. The defendant shall abide by all program requirements, and must contribute towards the costs of the services, to the extent financially able, as determined by the location monitoring specialist. **The location monitoring specialist will coordinate the defendant's release with the U.S. Marshals.**

- Surrender all current and expired passports and travel documents to the court. Do not apply for/obtain a new passport or travel document from any country without permission of the court. If the surrendered passport is a foreign passport, it shall be forwarded to Immigration and Customs Enforcement if defendant is convicted of an offense, unless otherwise ordered by the Court.

- Maintain residence as directed. Do not change residence without prior approval of Pretrial Services or as directed by Pretrial Services.

- The defendant shall not use, possess or have access to a computer or computer components (functional or non-functional), including but not limited to hard drives, external storage devices, keyboards, and mouse, at the defendant's residence, place of employment, private homes, libraries, schools, or other public locations, without prior approval of Pretrial Services. In addition, the defendant shall not use, possess, or have access to PDA's, gaming systems, and Internet enabled TV devices, nor access the internet through use of a cellular phone device. The defendant shall not access the internet, or private or public computer networks, or not have others do so on his/her behalf, without prior approval of Pretrial Services. The defendant hereby consents to U.S. Pretrial Services' use of electronic detection devices to evaluate the defendant's access to WiFi (wireless fidelity) connections.

- Maintain employment, or, if unemployed, actively seek employment as directed by Pretrial Services.

- No direct or indirect contact with the victim, and/or his family in this case.

- You shall not have direct contact or indirect contact with any existing and/or future co-defendant(s) in this case.

- You shall not have direct contact or indirect contact with any existing and/or future witnesses in this case.

The Honorable Michelle L. Peterson, United States Magistrate Judge — Page 2
Report on Defendant Under Pretrial Services Supervision — 6/22/2020

## PETITIONING THE COURT

☒     To modify the conditions of supervision

ADD:

Undergo a mental health, psychiatric or psychological evaluation and follow all treatment recommendations in that evaluation, as directed by Pretrial Services. You shall take all medications as prescribed.

## CAUSE

On May 28, 2020, Mr. Kamdem notified me that he was fired from his job as a cook. Reportedly, his employment was terminated after the employer received a background check. On the afternoon of the same day, Mr. Kamdem sent a text message alluding that he was having a mental health crisis. It appeared the defendant was upset due to a series of life stressors, including the alleged offense. Multiple attempts were made to contact Mr. Kamdem directly or via a third party; however, the defendant did not immediately respond. As pretrial services were not doing in-person field visits during that time due to the COVID-19 pandemic, a request was made to the Snohomish County Sheriff's Office to conduct a welfare check. A deputy responded to Mr. Kamdem's residence, where he found the defendant asleep. Police briefly spoke with Mr. Kamdem who declined any assistance.

On May 29, 2020, Mr. Kamdem called me in the morning. I inquired if the defendant felt suicidal and whether he wanted to go to mental health or grief counseling, and he said no to both. I also reminded the defendant if location monitoring sends him an alert to contact his officer, he needs to do so, which Mr. Kamdem acknowledged. I followed up with Mr. Kamdem later in the day to check in. He was less upset and agreed to get into mental health counselling to work through life issues.

On June 3, 2020, my supervisor and I spoke with defense counsel regarding the proposed modification. Mr. Robert Flennaugh notified me on June 4, 2020, that Mr. Kamdem agreed to the condition. A Waiver of Hearing was subsequently sent to the defendant's mother, so the defendant could review the document and electronically sign it. However, Mr. Kamdem told me on June 5, 2020, that his position changed, and he was not going to sign a Waiver of Hearing. The defendant felt mental health treatment was not necessary. Mr. Flennaugh confirmed on June 9, 2020, that Mr. Kamdem did not want to sign the Waiver of Hearing. Ensuring Mr. Kamdem has appropriate supportive care and coping skills can be helpful in addressing life stressors.

I notified Assistant United States Attorney Ye-Ting Woo, as well as defense counsel, Robert Flennaugh, of the proposed modification. As noted, Mr. Flennaugh informed me that Mr. Kamdem will not sign the Waiver of Hearing. I respectfully recommend a hearing be set so the parties can discuss the proposed modification and the Court can rule on this proposal.

The Honorable Michelle L. Peterson, United States Magistrate Judge — Page 3
Report on Defendant Under Pretrial Services Supervision — 6/22/2020

I swear under penalty of perjury that the foregoing is true and correct.

APPROVED:
Connie Smith
Chief United States Probation and Pretrial Services Officer

Executed on this 22nd day of June, 2020.

BY:

*[signature]*
Mike Munsterman
United States Probation Officer

*[signature]*
Patrick E. Robertson
Supervising United States Probation Officer

**THE COURT FINDS PROBABLE CAUSE AND DIRECTS:**

☐ Modify the Conditions as noted above
☑ Other  *Set for hearing.*

*[signature]*
Michelle L. Peterson, United States Magistrate Judge
June 23, 2020
Date